## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

**JOHN ROBERT RITTER, JR.,**

    **Plaintiff,**

vs.                                                                 Case No.:3:07-cv-506-J-16HTS

**CITY OF JACKSONVILLE, JOHN RUTHERFORD,**
in his official capacity as **SHERIFF in and for DUVAL
COUNTY, FLORIDA, and JACKSONVILLE
SHERIFF'S DEPUTIES, R.J. JACKSON, C.A. ODER
and R.G. SIMMONS,**

    **Defendants.**

_____/

### ORDER

Before the Court are the City of Jacksonville (the "City") and Sheriff John Rutherford's (the "Sheriff") Motion to Dismiss or Motion for a More Definite Statement (Dkts. 3 and 8)(the "Motion to Dismiss"); Defendant, Sheriff's Deputy R.L. Johnson's ("Officer Johnson") Motion to Quash and Dismiss (Dkts. 4 and 9); and, Defendant, Sheriff's Deputy C.A. Oder's ("Officer Oder") Amended Motion to Dismiss (Dkt. 14)(collectively, the "Motions"). Plaintiff, Mr. John Ritter, Jr. ("Plaintiff") has failed to respond to any of the pending Motions. For the reasons that follow, the Motion to Dismiss (Dkts. 3 and 8) is **GRANTED IN PART AND DENIED IN PART WITHOUT PREJUDICE** and the Motion to Quash and Dismiss (Dkts. 4 and 9) and the Amended Motion to Dismiss (Dkt. 14) are **DENIED as MOOT**.

**I.     Background**

Plaintiff originally filed his Complaint in Duval County Circuit Court, but it was removed to this Court because it attempts to allege violations of Title 28 U.S.C. § 1983 ("Section 1983"). The four count Complaint seeks compensatory damages against the City, the Sheriff and three designated Sheriff's Deputies for injuries allegedly sustained by Plaintiff during his arrest on January 22, 2005.

Plaintiff claims that he was walking home when he was approached by Officer Johnson who ordered him to get on the ground. Before Plaintiff was able to comply with Officer Johnson's order, Officer Johnson allegedly threw Plaintiff to the ground, which resulted in Plaintiff's face being "slammed" into the parking lot. Plaintiff further claims that once on the ground, Officer Johnson, now joined by Officer Oder, began using unnecessary force to restrain Plaintiff. According to Plaintiff, Sheriff's Deputy R.G. Simmons ("Officer Simmons")[1] arrived "on the scene, observed [Plaintiff] and the injuries to [Plaintiff's] face and neck" and transported Plaintiff to a Pre-Trial Detention Facility without reporting Plaintiff's injuries. (Dkt. 2 at p. 3). Plaintiff claims that it was only after he was admitted to the Pre-Trial Detention Facility that the severity of his wounds was noted by another Sheriff's Deputy and he was taken to a hospital for medical treatment.

Based on the alleged use of excessive force against and failure to obtain prompt medical attention for Plaintiff, Plaintiff claims that the City, the Sheriff and Officers Johnson,

---

[1] Officer Simmons has not filed any motions with the Court.

Oder and Simmons (collectively, the "Officers") were negligent.[2] Plaintiff further claims that through their actions the City, Sheriff and Officers violated Plaintiff's Section 1983 rights.

All Defendants, except for Officer Simmons, seek dismissal on varying grounds. Officer Oder claims that he was not timely served with a copy of the Complaint. Officer Johnson claims insufficient service of process. The City and Sheriff claim that Plaintiff failed to allege with the "necessary specificity and particularity" that he provided the requisite statutory notices under Fla. Stat. § 768.28 and Chapter 112, Part II of the Jacksonville Municipal Code, "in compliance with the conditions precedent to the bringing of this action . . . . [m]oreover the purported notices are not attached to the [Complaint] as alleged." (Dkt. 3 at p. 1). The City and Sheriff further claim that Counts I and III fail to state causes of action against the City under Florida law. Finally, the City and Sheriff claim that Plaintiff's Section 1983 claim, as set forth in Count IV of the Complaint, does not make clear which Defendants are being sued. Thus, the City is unable to frame a responsive pleading. The Motions do not address Count II.

**II.     Standard of Review**

For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom. Jackson v. Okaloosa County, Fla.,

---

[2] Plaintiff claims that the Officers were either negligent or were negligent and acting outside the scope of their employment and that the City negligently hired, supervised and retained the Officers.

3

21 F.3d 1532, 1534 (11th Cir. 1994). Furthermore the Court must limit its consideration to the complaint and written instruments attached as exhibits. Fed. R.Civ. P., 10(c); GSW, Inc. v. Long County, Ga., 999 F.2d 1508, 1510 (11th Cir. 1993). A complaint must be dismissed pursuant to Fed.R.Civ.P 12 (b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007) (rejecting the traditional 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint. Harrison v. Office of the State Courts Administrator, 2007 WL 1576351 (May 20, 2007, M.D. Fla.) (citing to Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)).

In general, courts disfavor motions to dismiss and only grant such motions in rare circumstances. See Gasper v. La. Stadium and Exposition Dist., 577 F.2d 897, 900 (5th Cir. 1978). Further, a motion to dismiss a complaint must be decided on questions of law and questions of law only. Kest v. Nathanson, 216 So.2d 233, 235 (Fla. 4th Dist. Ct. App. 1968).

**III. Discussion**

The City and Sheriff claim that Counts I and III contain the wrong causes of action and that as currently pled Count IV, the Section 1983 claim, is not clear enough to allow the City and Sheriff to frame a response. Upon review of the Amended Complaint, the Court agrees.

In Count I, Plaintiff purports to allege a claim against the City for "negligent excessive force;" however, the City and Sheriff allege that the proper claim is battery when allegations that the police used excessive force against an individual are present. The City and Sheriff are correct, battery is the proper cause of action. Plaintiff failed to discuss the elements of battery, thus, Count I "negligent excessive force" must be dismissed for failure to state a claim.

In Count III, Plaintiff purports to allege a claim against the city for the negligent hiring, supervision and retention of its personnel. The City and Sheriff assert that Count III is not properly asserted because a claim for negligent hiring against the City is barred by the doctrine of qualified immunity.[3] The City and Sheriff further state that a proper claim for negligent supervision and retention must contain an allegation that the City had actual or constructive notice of its employees' unfitness. In this case, Plaintiff has failed to make any such allegation and thus, the Court finds that Count III must be dismissed.

Count IV is Plaintiff's Section 1983 claim. The City and Sheriff claim that they cannot form a responsive pleading to the Section 1983 claim without clarification from Plaintiff as to exactly which Defendants are being sued. Specifically, the City and Sheriff allege that the Complaint is titled "42 U.S.C. § 1983 Claim Against Officer Defendants" but contains allegations against both the City and Sheriff. Again, the City and Sheriff are

---

[3] The City and the Sheriff do not provide the Court with any details as to qualified immunity, thus the Court did not consider this as a ground for dismissal.

correct. Plaintiff is directed to file an amended complaint in which he provides the City and Sheriff with the clarification they seek as to the Section 1983 claim.

The City and Sheriff's remaining contention that Plaintiff has failed to comply with the conditions precedent necessary to bring this action. Specifically, the City and Sheriff claim that Plaintiff has "failed to allege with the necessary specificity and particularity that he has provided the requisite statutory notices under Fla. Stat. § 768.28 and Chapter 112, part II of the Jacksonville Municipal Code. . . ." (Dkt. 3 at p. 1). The Court assumes that the City and Sheriff are referring specifically to Fla. Stat. § 768.28(6)(a) and (6)(b), which read in pertinent part that:

> (6)(a) An action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, and also, except as to any claim against a municipality or the Florida Space authority, presents such a claim in writing to the department of Financial services, within 3 years after such claim accrues and the Department of Financial Services or the appropriate agency denies the claim in writing . . .
> ...
>
> (b) For purposes of this section, the requirements of notice to the agency and denial of the claim pursuant to paragraph (a) are conditions precedent to maintaining an action . . . .

Fla. Stat. §768.28(6)(a)-(b)(West Ann. 2007).

In Paragraph 8 of the Complaint, Plaintiff claims that "[a]ll conditions precedent to the filing of this action have been met, including the serving of the appropriate statutory notices on June 7, 2005, attached as Exhibit 'A' hereto." (Dkt. 2 at p. 2). The City and the

Sheriff claim that this is basis enough to dismiss Plaintiff's Complaint entirely. This argument has no merit.

Under Fla.R.Civ.P. § 1.120(c), as well as many well settled Florida cases,[4] all that a plaintiff is required to do is "aver generally that all conditions precedent have been performed or have occurred." Plaintiff has met this requirement, even if he ultimately failed to attach the notices to the Complaint. Under Fla.R.Civ.P. § 1.120(c) the "denial of performance or occurrence shall be made specifically and with particularity." The City and Sheriff merely claim that Plaintiff failed to comply with the conditions precedent and thus, they themselves failed to comply with the requirements of Fla.R.Civ.P. § 1.120(c).

**IV.   Conclusion**

Even viewing the allegations in the Complaint in the light most favorable to Plaintiff, the Court must dismiss Counts I and III. The Court cannot grant relief to a plaintiff who has failed to plead the proper causes of action. The Court's ability to properly evaluate Plaintiff's claims was further hampered by Plaintiff's complete failure to respond to any of the Motions.

Plaintiff is directed to file an amended complaint within ten (10) days of this Order. When pleading his Section 1983 claim, Plaintiff is to make clear which Defendants are being sued. Because Plaintiff is required to file an amended complaint, the alleged procedural deficiencies concerning service of process as to both Officer Johnson and Officer Hart are **DENIED** as **MOOT**.

---

[4] See e.g., Glace v. Lower Florida Keys Hosp., 481 So.2d 509 (Fla. 3d Dist. Ct. App.1985).

In summary, the Motion to Dismiss (Dkts. 3 and 8) is **GRANTED in PART and DENIED in PART**. Counts I and III are dismissed without prejudice. Plaintiff is directed to file an amended complaint within ten (10) days of this Order. The Motion to Quash and Dismiss (Dkts. 4 and 9) and the Amended Motion to Dismiss (Dkt. 14) are **DENIED as MOOT**.

**DONE and ORDERED** from Chambers in Jacksonville, Florida on this 7th day of August 2007.

Copies to:

Plaintiff
Counsel of Record

                                                                            JOHN H. MOORE II
                                                                            United States District Judge